IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONDEL ALLEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:12-cv-2014-P-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Rondel Allen, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

**Background**

Petitioner was charged with capital murder by a Dallas County grand jury. He was found guilty at trial and sentenced to an automatic term of life imprisonment. Petitioner's conviction was affirmed on direct appeal. *See Allen v. State*, No. 05-08-01112-CR, 2010 WL 3171784 (Tex. App. – Dallas, Aug. 12, 2010, pet. ref'd). His application for state post-conviction relief was denied without written order on the findings of the trial court. *See Ex parte Allen*, WR-77,326-01 (Tex. Crim. App. Apr. 4, 2012). Petitioner then filed this action in federal district court.

The underlying facts of this case were set forth at length by the Texas appellate

court on direct review. *See Allen*, 2010 WL 3171784, at *1-*5. The state court explained:

> The murder occurred around midnight June 6, 2006, during the course of a robbery. Patrick Graham and Jillian Rowlett were in their apartment when their neighbor, "Nate," came to buy some marijuana. Moments later, two men, one with a knife and the other with a handgun, forced their way into the apartment and demanded drugs and money. Rowlett was sexually and physically assaulted and Graham was fatally shot before the two men left the apartment with the money, drugs, and Graham's shotgun.
>
> Based on information Rowlett gave to the police, detectives contacted Nathaniel Allen, who was [Petitioner]'s cousin and Rowlett and Graham's neighbor. Nathaniel provided details of his involvement in the robbery and murder and led detectives to [Petitioner] and [Petitioner]'s friend Royal Cola.
>
> The detectives interviewed [Petitioner] and Cola, as well as [Petitioner]'s friend and roommate Willie Smith. Following the interviews, detectives searched Cola's and [Petitioner]'s apartments and a nearby dumpster. Detectives found in Cola's apartment the shotgun, shotgun shells, drugs, and scales. In [Petitioner]'s apartment, they found some marijuana, an "American Weigh" scale, and a Capital One green bag which contained more marijuana, scales, and paperwork with [Petitioner]'s name. The detectives found the knife, wrapped in a towel as described by Smith, in the dumpster. Based on the evidence gathered, detectives filed capital murder charges against Nathaniel, Cola, and [Petitioner].
>
> [Petitioner] pleaded not guilty and his case was tried first. The conviction followed a five-day trial during which the jury heard testimony from over ten witnesses, including Rowlett, Cola, Nathaniel, and a forensic biologist who performed DNA analysis on certain items recovered during the investigation. [Petitioner] did not testify but presented a defensive theory of mistaken identity.

*Id.* at *1. The court then summarized the testimony presented by each of eight trial witnesses. *See id.* at *1-*5.

In five grounds for relief, Petitioner contends that (1) the in-court identification

by witness Jillian Rowlett was improper because the lineup array was unduly suggestive and Rowlett was an unreliable witness; (2) the jury charge was flawed because it contained unwarranted instructions on the law of parties and conspiracy; (3) the evidence was legally insufficient to justify conviction because (a) of unreliable testimony from Rowlett and (b) the lack of DNA evidence to tie Petitioner to the crime scene; and (4) his due process rights were violated by the use of perjured testimony from Nathaniel Allen, Royal Cola, and Detective Kenneth Penrod.

## Legal Standards

Where, as here, a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington v. Richter*, 131 S. Ct. 770, 784 (2011) ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning").

## Analysis

<u>Identifications</u>

Petitioner alleges that he was denied a fair trial because the out-of-court identification procedure was impermissibly suggestive, which led to an unreliable in-court identification from witness Jillian Rowlett. *See* Dkt. No. 3 at 7; Dkt. No. 4 at 6-12. He further claims that her initial identification was flawed because Rowlett suffered from untreated bipolar disorder and diabetes and was high on heroin and cocaine at the time of the murder. *See id.*

Respondent counters that this claim is procedurally barred from federal habeas review because the state appellate court found this claim to be waived under the "contemporaneous objection" rule. *See* Dkt. No. 11 at 14-15 (citing *Allen*, 2010 WL 3171784, at *7).

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *See Sawyer v. Whitley,* 505 U.S. 333, 338 (1992). The state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *See Harris v. Reed,* 489 U.S. 255, 261-62 (1989); *see also Smith v. Collins,* 977 F.2d 951, 955 (5th Cir. 1992). To be an adequate ground for denying relief, the state procedural rule must be strictly or regularly applied to similar claims. *See Hathorn v. Lovorn,* 457 U.S. 255, 262-63 (1982); *see also Johnson v. Puckett,* 176 F.3d 809, 824 (5th Cir. 1999).

Under Texas law, a party must make a timely and proper objection to preserve a claim for appellate review. *See Turner v. State,* 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). The objection must state "the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). This "contemporaneous objection" rule constitutes an adequate state procedural bar for purposes of federal habeas review. *See Styron v. Johnson,* 262 F.3d 438, 453-54 (5th Cir. 2001).

Here, the state appellate court determined that Petitioner's claims related to the in-court identification were barred because he failed to preserve error by objecting at trial. *See Allen*, 2010 WL 3171784, at *7. Although a federal court may consider a procedurally defaulted claim if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice,"

-5-

*Coleman v. Thompson,* 501 U.S. 722, 750 (1991), Petitioner makes no attempt to satisfy these requirements. As a result, this claim is procedurally barred.

Jury Charge Error

Petitioner next claims that the trial court erred in providing instructions on the law of parties and conspiracy. The state habeas court found this ground to be procedurally barred because Petitioner failed to raise it on direct appeal. *See Ex parte Allen*, WR-77,326-01, Tr. at 73.

Under Texas law, claims that could have been raised on direct appeal, but are presented for the first time on state collateral review, are procedurally defaulted. *See Ex parte Gardner,* 959 S.W.2d 189, 199 (Tex. Crim. App. 1996). The Fifth Circuit has held that "'the *Gardner* rule set forth an adequate state ground capable of barring federal habeas review.'" *Aguilar v. Dretke,* 428 F.3d 526, 535 (5th Cir. 2005) (quoting *Busby*, 359 F.3d at 719).

Petitioner has again failed to establish cause and actual prejudice for his default or that failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. This claim, too, is procedurally barred.

Allegations of Perjury

Petitioner contends that his conviction was obtained as the result of perjured testimony by witnesses Nathaniel Allen, Royal Cola, and Detective Kenneth Penrod, because cross-examination established motive to lie for Cola and Nathaniel Allen and brought forth inconsistencies in the trial testimony of Cola, Nathaniel Allen, and Penrod. That is, Petitioner's claims of perjury turn on allegations of the desire of Cola

and Nathaniel Allen to receive lenient sentences and the inconsistencies between Cola and Rowlett's accounts of the sequence of events, the amount of time Cola had been living in Dallas, whether the handgun was shot in the apartment, and whether Detective Penrod could have recorded Rowlett's statement. The state habeas court denied this claim, finding that the prosecutor took appropriate steps to eliminate any incentive for Cola and Nathaniel Allen to lie and that the motives of each witness and inconsistencies in their testimony were thoroughly examined and available for the jury to consider as finder of fact. *See Ex parte Allen*, WR-77,326-01, Tr. at 74.

The Due Process Clause prohibits the use of perjured testimony to obtain a conviction. *See Giglio v. United States,* 405 U.S. 150, 153 (1972); *see also Black v. Collins,* 962 F.2d 394, 407 (5th Cir. 1992). In order to establish a due process violation based on the use of perjured testimony, a habeas petitioner must prove that: (1) the testimony was false; (2) the prosecutor knew it was false; and (3) the evidence was material. *See Blackmon v. Scott,* 22 F.3d 560, 565 (5th Cir. 1994). False testimony is material if "'there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.'" *Creel v. Johnson,* 162 F.3d 385, 391 (5th Cir. 1998) (quoting *Kirkpatrick v. Whitley,* 992 F.2d 491, 497 (5th Cir. 1993)).

Here, Petitioner argues that Cola and Nathaniel Allen both hoped for more lenient sentences in exchange for their trial testimony. *See* Dkt. No. 4 at 19-24. He also notes that the testimony of all three witnesses was impeached during cross-examination as being inconsistent with prior statements. *See id.* at 23-28. However, he does not establish that any such testimony was knowingly false, that the prosecutor

knew it was false, or the information was material to his guilt. Contradictory testimony from witnesses does not, standing alone, establish perjury. *See Kutzner v. Johnson,* 242 F.3d 605, 609 (5th Cir. 2001); *Koch v. Puckett,* 907 F.2d 524, 531 (5th Cir. 1990).

As the state habeas court observed, the biases and inconsistencies of the witnesses were fully explored during cross-examination, and the jury, as finder of fact, was free to determine the credibility of each witness. Accordingly, Petitioner has not established that the state habeas court's denial of this claim was unreasonable.

Legal Sufficiency

In two grounds for relief, Petitioner claims that the evidence was legally insufficient because DNA evidence collected did not place him at the scene and because Rowlett was high on heroin and cocaine and had untreated bipolar disorder and diabetes at the time of the offense. A federal court may not disturb a state criminal conviction unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *see also Gibson v. Collins,* 947 F.2d 780, 781 (5th Cir. 1991). The evidence must be viewed in the light most favorable to the verdict. *See Jackson,* 443 U.S. at 319; *Gibson*, 947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *See Schrader v. Whitley,* 904 F.2d 282, 287 (5th Cir. 1990).

Federal courts are bound by state statutes and case law in determining the elements of an offense. *See Foy v. Donnelly,* 959 F.2d 1307, 1314 (5th Cir. 1992). Under Texas law in effect at the time this offense was committed, capital murder was defined as, among other things, intentionally or knowingly causing the death of an individual

in the course of committing or attempting to commit robbery. *See* TEX. PEN. CODE ANN. §§ 19.02(b)(1) (West 2003) & 19.03(a)(2) (West 2006). A person is criminally responsible for the conduct of another individual if he intentionally "solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id.* § 7.02(a)(2) (West 2003). The law of parties applies to capital murder cases in Texas, and a trial court may charge the jury on the law of parties even if there is no such allegation in the indictment. *See English v. State,* 592 S.W.2d 949, 955 (Tex. Crim. App. 1980).

Here, the state appellate court conducted a thorough review of the evidence and concluded that it was sufficient to justify Petitioner's conviction. That court explained:

> Although no physical evidence connects [Petitioner] to the evidence, none was necessary. The jury heard testimony from Nathaniel and Cola that together with [Petitioner] they planned and agreed to the robbery. They then went to Graham and Rowlett's apartment. After Nathaniel got Graham to the door, [Petitioner] and Cola, both wielding weapons [Petitioner] had in his possession earlier that night, forced their way into the apartment. Cola testified they both demanded money and drugs and got cash and some drugs from Graham. Cola also testified he fired the gun he was holding, but did not hit Graham; [Petitioner] was the one who shot Graham and then tried to kill Rowlett by cutting her neck. Cola's and Nathaniel's testimony was corroborated largely by Rowlett, who identified Nathaniel, Cola, and [Petitioner] as the perpetrators from photographic lineups. She testified she would never forget that night and had many opportunities to observe [Petitioner]'s face. Although she was unable to state who fatally shot Graham, she heard two different gunshots and saw [Petitioner] holding a gun. From this evidence, a rational jury could have concluded [Petitioner] acted as a principal or party. The evidence is neither too weak nor greatly outweighed by contradictory evidence.

*Allen*, 2010 WL 3171784, at *6 (internal citations omitted).

Petitioner has failed to prove that the state court's rejection of his legal insufficiency claim resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. Accordingly, these grounds for relief should be denied.

### Recommendation

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 6, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE